UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM CROCKETT, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:22-cv-00556-JPH-TAB ) |
| MARK SEVIER, | ) ) |
| Respondent. | ) ) |

**ORDER DIRECTING PETITIONER TO SHOW CAUSE**

William Crockett has filed a habeas petition challenging his conviction for murder under Indiana Cause No. 71D01-0310-MR-27. He raises ineffective assistance of counsel, ineffective assistance of appellate counsel, ineffective assistance of post-conviction relief counsel, and a violation of due process on the ground that he was not identified at trial by his full name, William Bernard Crockett, III. Dkt. 1, pp. 3-4.

Mr. Crockett was sentenced on January 25, 2005. *Id.* at 1. His direct appeal was denied by the Indiana Court of Appeals on December 28, 2005. *Id.*; Indiana Appellate Cause No. 71A03-0506-CR-263. He did not file a timely petition to transfer to the Indiana Supreme Court. *Id.* He filed a state petition for post-conviction relief on May 17, 2006. Indiana Cause No. 71D01-0605-PC-13. His petition for post-conviction relief was denied, and the denial was affirmed by the Indiana Supreme Court on October 16, 2014. *Id.*; Indiana Appellate Cause

No. 71A04-1307-PC-374.[1] He filed his petition for a writ of habeas corpus in this Court on March 31, 2022. Dkt. 1.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A state prisoner has one year after his conviction becomes final in state court to file a habeas petition. *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015) (citing 28 U.S.C. § 2244(d)(1)(A)). A conviction becomes final when the deadline to file a petition for certiorari in the United States Supreme Court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012). The limitations period is tolled while the petitioner's properly filed state post-conviction relief petition is pending. *Day v. McDonough*, 547 U.S. 198, 201 (2006) (citing 28 U.S.C. § 2244(d)(2)). A state post-conviction relief petition is pending until it has been denied by the highest level of state court review. *Lawrence v. Florida*, 549 U.S. 327, 331-32 (2007).

After his conviction became final, Mr. Crockett filed a petition for post-conviction relief in state court. The denial of that petition was affirmed by the Indiana Supreme Court. Mr. Crocket then waited more than seven years to file a habeas petition in this Court under 28 U.S.C. § 2254. His petition was thus filed

---

[1] In his petition, Mr. Crockett states that he did not appeal the denial of his post-conviction relief petition, dkt. 1, p. 2, but Indiana state court records show otherwise.

after the one-year statute of limitations had expired. His petition does not articulate a basis to excuse this failure.

Mr. Crocket has through **May 17, 2022**, to show cause why his habeas petition should not be dismissed as time-barred. The failure to meet this deadline will result in the dismissal of the action without further warning or ability to show cause.

The motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**.

**SO ORDERED**.

Date: 4/20/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

WILLIAM CROCKETT
973572
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362