UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM CROCKETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:22-cv-00556-JPH-TAB |
| ) | |
| MARK SEVIER, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Successive Habeas Petition**

William Crockett, a prisoner at New Castle Correctional Facility, has filed a petition for a writ of habeas corpus, challenging his murder conviction from St. Joseph County Superior Court under Indiana Cause No. 71D01-0310-MR-27. The respondent has filed a motion to dismiss the petition as successive. As explained below, this motion is **granted**, and the petition is **dismissed**.

**I. Background**

On November 17, 2022, the respondent filed a motion to dismiss the petition as successive. Dkt. 26. The respondent argues that Mr. Crocket filed a habeas petition in the Northern District of Indiana on August 26, 2015, that the Northern District denied the petition on July 31, 2017, and that the Seventh Circuit Court of Appeals denied his challenge to the denial of a certificate of appealability on April 17, 2018. *Id.* at 2 (citing dkt. 26-12 (Docket for *Crockett v. Superintendent*, Case No. 3:15-cv-384-RLM (N.D. Ind.); dkt. 26-13 (*Crockett*, (N.D. Ind. July 31, 2017) (Order denying habeas petition). The respondent has searched Mr. Crockett's name in the Seventh Circuit's docket and did not uncover an order granting him permission to file a successive petition. Dkt. 26 (citing dkt. 26-14).

On November 28, 2022, the Court denied seven of Mr. Crockett's pending motions, granted his motion for case status, and ordered him to respond to the motion to dismiss by December 19, 2022. Dkt. 28.

On February 17, 2023, the Court denied Mr. Crockett's eleven pending motions and *sua sponte* extended his deadline to respond to the motion to dismiss to March 10, 2022. Dkt. 42. The Court explained that "[t]he only issue that should be addressed in Mr. Crockett's response is whether this Court has jurisdiction to consider his successive habeas petition. Other arguments will not be considered." *Id.* at 2.

Since that time, Mr. Crockett has filed a "Motion for Directed Verdict," a "Motion for Failure to State a Claim," a "Motion for Assistance of Counsel," and a "Motion to Submit Evidence." *See* dkts. 44-47. He has also filed a "Motion to Submit Fingerprints and DNA Evidence." Dkt. 43.

## II. Discussion

Mr. Crockett may not bring a successive habeas petition without first obtaining permission from the Seventh Circuit Court of Appeals, which he has not done. *See* 28 U.S.C. § 2244(b); *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Accordingly, his habeas petition is **dismissed**. The Court makes no rulings on the merits of the claims set forth in his petition.

Mr. Crockett's motion for assistance recruiting counsel is **denied**. District courts have discretion in deciding whether the "interests of justice" require recruiting counsel for a habeas petitioner. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997); 18 U.S.C. § 3006A(a)(2)(B). In this case, the interests of justice do not so require, because Mr. Crockett's successive petition must be dismissed.

Mr. Crockett's remaining motions are **denied as moot**.

### III. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability, which will issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1), (c)(2). Where a petition is denied on procedural grounds, the petitioner must also show that reasonable jurists could disagree with that procedural ruling. *Peterson v. Douma*, 751 F.3d 524, 530−31 (7th Cir. 2014).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

No reasonable jurist would disagree with the Court's order dismissing Mr. Crockett's successive petition. Accordingly, a certificate of appealability is **denied**.

### IV. Conclusion

The respondent's motion to dismiss, dkt. [26], is **granted**. Mr. Crockett's pending motions, dkts. [43-49], are **denied**. A certificate of appealability is **denied**. This action is now **dismissed**. Final judgment in accordance with this Order shall now issue.

**SO ORDERED**.

Date: 4/26/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

4

Distribution:

WILLIAM CROCKETT
973572
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov